

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

```
                                    FILED
                              U.S. DISTRICT COURT
                            EASTERN DISTRICT OF LA.

                            2018 OCT -3  A 11: 32

                              WILLIAM W. BLEVINS
                                   CLERK
```

*Brandon S. Long*  
*Assistant United States Attorney*

*The Poydras Center*  
*650 Poydras Street, Suite 1600*  
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3106*

October 3, 2018

Honorable Sarah S. Vance  
United States District Judge  
Eastern District of Louisiana  
500 Poydras Street  
New Orleans, Louisiana 70130

    Re:    *United States v. Brandon Hall*  
            Criminal Docket No. 16-068 "R"

Dear Judge Vance:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Brandon Hall, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Anna L. Friedberg, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The defendant has agreed to enter a plea of guilty to a Superseding Bill of Information charging the defendant with the following:

- Count One, which charges him with conspiring to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin and a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, that is, fentanyl, under Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846;

- Count Two, which charges him with conspiring to possess firearms in furtherance of the drug-trafficking offense charged in Count One, under Title 18, United States Code, Section 924(o);

AUSA _____  
Defendant _____  
Defense Counsel _____

- Count Three, which charges him with discharging a firearm during and in relation to the drug-trafficking offense charged in Count One, under Title 18, United States Code, Section 924(c)(1)(A)(iii) and 2; and

- Count Four, which charges him with discharging a firearm within 1,000 feet of a school zone, under Title 18, United States Code, Sections 922(q)(3)(A), 924(a)(4) and 2.

Should the Court accept the defendant's guilty plea, the Government has agreed to request at the time of sentencing that the Court dismiss the Superseding Indictment against the defendant. The defendant understands that the Court is not bound to dismiss any Count.

The Government has also agreed not to bring any other charges in the Eastern District of Louisiana arising from defendant's charged violations of the Federal Controlled Substances Act and the Federal Gun Control Act, as long as the defendant has truthfully informed law enforcement officials of the full and complete details of the crimes for which he has been charged prior to his guilty plea in this case. The defendant understands that this does not apply to any uncharged crimes of violence that the defendant may have committed.

The defendant understands that the Government has charged the defendant with a single enhancement pursuant to Title 21, United States Code, Section 851, because the defendant has at least one prior felony drug conviction. Accordingly, as to Count One, the defendant faces a mandatory minimum sentence of ten years imprisonment, a maximum life sentence, and/or a fine of $8,000,000. As to Count Two, the defendant faces a maximum sentence of twenty years imprisonment and/or a fine of $250,000. As to Count Three, the defendant faces a mandatory minimum sentence of ten years imprisonment, which must run consecutive to the term of imprisonment imposed under Count One, and/or a fine of $250,000. As to Count Four, the defendant faces a maximum sentence of five years imprisonment and/or a fine of $100,000. Any term of imprisonment imposed under Count Four shall not run concurrent with the term of imprisonment imposed under any other Count, pursuant to Title 18, Section 924(a)(4). Alternatively, the defendant may be fined an amount greater of twice the gross gain to the defendant or twice the gross loss to any person, under Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per Count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

AUSA _____
Defendant _____
Defense Counsel _____

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, as to Count One, for a period of at least eight (8) years but not more than life, pursuant to Title 21, United States Code, Section 841(b)(1)(A); as to Count Two, for a period of up to three (3) years, pursuant to Title 18, United States Code, Section 3583; as to Count Three, for a period of up to five (5) years, pursuant to Title 18, United States Code, Section 3583; and as to Count Four, for a period of up to one (1) year, pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of *coram nobis* and *audita querela*. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.  Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.  Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

AUSA *BSL*
Defendant *BH*
Defense Counsel

    c.    Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of *coram nobis* and *audita querela*, and any other collateral challenges to his sentence of any kind; and

    d.    The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, or his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

AUSA *BSL*
Defendant *B.H*
Defense Counsel *AH*

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

MICHAEL M. SIMPSON
Attorney for the United States Acting Under
the Authority Conferred by 28 U.S.C. § 515

_____ 10/3/18
BRANDON S. LONG              Date
Assistant United States Attorney

_____ 10/3/18
ANNA L. FRIEDBERG            Date
Attorney for Brandon Hall

_____ 10-3-18
BRANDON HALL                 Date
Defendant