UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                                      NO. 16-68

BRANDON HALL                                           SECTION "R" (4)

**ORDER AND REASONS**

Defendant Brandon Hall moves for a return of his seized property pursuant to Federal Rule of Criminal Procedure 41(g).[1] Because the property has been properly forfeited, the Court denies the motion.

**I.    BACKGROUND**

On April 22, 2016, agents arrested Hall and executed a search warrant of Hall's home.[2] During the search, agents recovered $16,661 in United States currency.[3] The Federal Bureau of Investigations commenced an administrative forfeiture of the seized currency.[4] The FBI sent personal notice of the seizure and intent to forfeit to Hall and his attorney.[5] On July 22, 2016, Hall's attorney filed a claim on behalf of Dana Seaton, Hall's fiancé,

---

[1]    R. Doc. 394.
[2]    R. Doc. 216 at 4 (factual basis).
[3]    *Id.*; R. Doc. 413-1 at 1 ¶ 2.
[4]    R. Doc. 413-1 at 1-2 ¶ 3.
[5]    *See id.* at 2 ¶ 3(a)-(d), 6-13.

for only $5,840 of the total currency recovered.[6]  The FBI declared the remaining $10,821 administratively forfeited.[7]

Hall later pleaded guilty to conspiracy to distribute heroin and fentanyl, conspiracy to possess firearms in furtherance of a drug trafficking offense, discharging a firearm during a drug-trafficking crime, and discharging a firearm within 1,000 feet of a school.[8]  The factual basis, the truth of which Hall has attested to, states that "[d]uring the search, agents recovered approximately $16,000 in United States currency.  Hall possessed the currency, which was the proceeds of his illegal drug operation."[9]  The Court issued a preliminary order of forfeiture that included the $5,840.[10]  This order was made final when Hall was sentenced.[11]  Hall now moves pursuant to Federal Rule of Criminal Procedure 41(g) for a return of the currency.[12]  He contends that the money recovered during his arrest was legitimate, and came from his lawn-service company.[13]

## II. LEGAL STANDARD

---

[6]     *Id.* at 25.
[7]     *Id.* at 27.
[8]     *See* R. Doc. 211 (minute entry); R. Doc. 217 (plea agreement).
[9]     R. Doc. 216 at 4.
[10]    R. Doc. 266.
[11]    R. Doc. 359.
[12]    *See generally* R. Doc. 394.
[13]    *Id.* at 1.

Under Federal Rule of Criminal Procedure 41(g), in certain circumstances, a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). When a Rule 41(g) motion for the return of property is filed after a criminal case has concluded, a court should construe it as a civil complaint pursuant to the court's general equity jurisdiction under 28 U.S.C. § 1331. *See Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007). The Court therefore construes Hall's motion as a civil complaint under the Court's general equity jurisdiction under 28 U.S.C. § 1331.

The government's opposition to a Rule 41(g) motion is properly construed as a motion for summary judgment. *See Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007). A motion for summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of proving the absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the non-movant must establish there is a genuine issue for trial. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). If the non-movant is unable

to meet this burden, the motion for summary judgment will be granted. Fed. R. Civ. P. 56(c).

## III. DISCUSSION

### A. Administrative Forfeiture

The record is clear that $10,821 was administratively forfeited.[14] Once property has been administratively forfeited, a district court has jurisdiction only to determine whether the forfeiture procedure adequately complied with statutory and due process notice requirements. *See United States v. Schinnell*, 80 F.3d 1064, 1069 (5th Cir. 1996) ("Once the administrative forfeiture was completed, the district court lacked jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process."). The administrative forfeiture statutes require that notice of the seizure be publicized and that the FBI provide notice to the interested individuals. *See* 19 U.S.C. § 1607(a); 18 U.S.C. § 983. Here, the government satisfied these requirements.[15]

The Supreme Court has held that due process is satisfied when notice is "reasonably calculated, under all the circumstances, to apprise interested

---

[14] R. Doc. 413-1 at 27.
[15] R. Doc. 413-1 at 20-21 (publication of notice of forfeiture); *Id.* at 6-17 (notice to parties of forfeiture).

4

parties of the pendency of the action and afford them an opportunity to present their objections." *Dusenbery v. United States*, 534 U.S. 161, 173 (2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Here, the FBI sent personal notice to Hall at his home, sent notice to him in prison, and sent notice to his attorney.[16] There are return receipts indicating that Hall and his attorney received the notice.[17] Moreover, Hall signed the claim for seized property that was filed on behalf of Seaton, which asked for only $5,840 of the seized currency.[18] These facts indicate that Hall had adequate notice of the administrative forfeiture proceedings. Indeed, Hall does not aver that there was any sort of a procedural defect, or that he lacked notice of the forfeiture. The Court therefore lacks jurisdiction to consider Hall's motion with respect to the administratively forfeited proceeds.

### B.   Judicial Forfeiture

The record is similarly clear that the remaining $5,840 was properly forfeited. Defendant failed to object to the judicial forfeiture of the currency collected from his house either before or during his sentencing hearing. Moreover, in Hall's plea agreement, he agreed to forgo the exact motion he

---

[16]   R. Doc. 413-1 at 2 ¶ 3(b)-(d), 8-11, 15-16.
[17]   *Id.* at 12, 17.
[18]   *Id.* at 25.

brings here. When a defendant has agreed to waive any right to forfeited property, he or she lacks standing to bring such a motion. *See, e.g., Beckett v. United States*, No. A-09-CV-524, 2010 WL 11610455, at *5 (W.D. Tex. July 27, 2010) (holding that a defendant whose plea agreement waived his right to bring a motion for a return of property lacked standing, and collecting cases). Defendant's plea agreement states:

> The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture.[19]

The plea agreement continues: "defendant hereby . . . further waives any right to contest or appeal the government's forfeiture proceedings for any reason, . . . including by claim, petition, appeal, or collateral attack."[20] Defendant has therefore waived any claim he may have for return of property.

---

[19]   R. Doc. 217 at 4.
[20]   *Id.*

6

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for return of property is DENIED with prejudice.

New Orleans, Louisiana, this __16th__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE