UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-68 |
| BRANDON HALL | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is Brandon Hall's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] The Government opposes the motion.[2] Upon review of the entire record, the Court has determined that this matter can be decided without an evidentiary hearing. For the following reasons, the Court denies Hall's section 2255 motion and denies a certificate of appealability.

### I. BACKGROUND

On April 21, 2016, Brandon Hall was indicted on charges of conspiring to distribute and possess with intent to distribute a quantity of heroin, and conspiring to possess firearms in furtherance of a drug trafficking crime.[3] On

---

[1] R. Doc. 441.
[2] R. Doc. 445.
[3] R. Doc. 1.

December 2, 2016, a federal grand jury returned a superseding indictment charging Hall with conspiring to distribute and possess with intent to distribute heroin and fentanyl, conspiring to possess a firearm in furtherance of a drug trafficking crime, discharging a firearm during and in relation to a drug trafficking crime, discharging a firearm within a school zone, specific distributions of heroin and fentanyl to a buyer who ultimately died of an overdose, and being a felon in possession of a firearm.[4]

On October 3, 2018, Hall pleaded guilty to a superseding bill of information, charging him with conspiracy to distribute heroin and fentanyl, conspiracy to possess firearms in furtherance of a drug trafficking offense, discharging a firearm during a drug-trafficking crime, and discharging a firearm within 1,000 feet of a school.[5] In return, the government agreed to drop the other charges against Hall in the superseding indictment, and to reduce the drug quantities that Hall was charged with in the superseding bill of information.[6] Following his guilty plea, the Court sentenced Hall to a term of 196 months' imprisonment.[7] Hall did not appeal this sentence within the fourteen-day period permitted by law. *See* Fed. R. App. P. 4(b)(1)(A).

---

[4]  R. Doc. 62 (Counts 1, 2, 8, 9, 10, 11, 12, 18, 20).
[5]  *See* R. Doc. 211 (minute entry); R. Doc. 217 (plea agreement).
[6]  R. Doc. 217 at 2; *see also* R. Doc. 445 at 3.
[7]  R. Doc. 350.

On January 19, 2021, Hall placed in the prison mailing system this motion for post-conviction relief under 28 U.S.C. § 2255.[8] In his petition, Hall alleges that his constitutional rights were violated because his attorney provided ineffective assistance of counsel.[9] Specifically, he contends that his attorney provided ineffective assistance for in four ways: (1) his attorney's failure to challenge the credibility of the investigation that led to Hall's convictions;[10] (2) his attorney's failure to present his case to a grand jury;[11] (3) his attorney's neglect in challenging a purported increase in Hall's sentence because of an overdose death;[12] and (4) his attorney's failure to challenge his 18 U.S.C. § 924(c) charge.[13] In response, the Government represents that Hall's motion is untimely,[14] and that none of his allegations amounts to a meritorious claim for ineffective assistance of counsel.[15] The Court considers the parties' arguments below.

---

[8]   R. Doc. 441 at 1.
[9]   R. Doc. 441-1 at 16.
[10]  *Id.* at 18.
[11]  *Id.* at 16.
[12]  *Id.* at 17.
[13]  *Id.* at 18.
[14]  R. Doc. 445 at 4-7.
[15]  *Id.* at 7.

3

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous

claim to relief, the Court must order the Government to file a response or to take other appropriate action. *Id.* The Court may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. Rules Governing Section 2255 Proceedings, Rules 6 & 7.

After reviewing the Government's answer and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. The Court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the Court may grant relief only if the error "had substantial and injurious effect or influence" in determining the

5

outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a section 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 25 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Timeliness

Hall's motion is untimely under section 2255's one-year limitations period. Section 2255(f) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or;

>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Hall's conviction became final 14 days after the Court issued its amended judgment on August 22, 2019,[16] when the time for filing a notice of appeal expired. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *see also* Fed. R. App. P. 4(b)(1). Hall did not move to vacate his sentence until January 19, 2021.[17] Accordingly, over one year had passed between when Hall's conviction became final and when he filed this section 2255 motion, thus making his motion untimely.

Hall does not contend that any governmental action impeded his ability to request post-conviction relief. He also does not assert any right that has been newly recognized by the Supreme Court and made retroactively applicable to his case, or that he lacked facts to support his claim. Instead, Hall contends that his petition should be considered timely because his prison was on lockdown because of the COVID-19 pandemic.[18] Specifically, defendant states that the lockdown prevented him from accessing the law

---

16    R. Doc. 359. The Court's initial judgment was issued on August 7, 2019 and was amended to reference a preliminary order of forfeiture. R. Docs. 350 & 358.
17    R. Doc. 441 at 1.
18    R. Doc. 441-1 at 11.

7

library until November of 2020.[19] Section 2255's one-year limitations period "is not jurisdictional and, therefore, is subject to equitable tolling." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.* (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). But tolling is permitted in only rare and exceptional circumstances, and the burden falls on the habeas petitioner to establish that tolling is appropriate. *Id.* at 364-65. The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 365 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

Here, the Court finds that the COVID-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling. Hall has failed to demonstrate that he was diligently pursuing his rights before the pandemic restricted his access to the law library. *See United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) ("During the COVID-19 pandemic, courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns."). Notably,

---

19    R. Doc. 449 at 2.

8

Hall had several months to file this motion between his sentencing in August 2019[20] and his institution's lockdown in March 2020.[21]

Furthermore, under Fifth Circuit precedent, in order for petitioner to be entitled to tolling of the limitations period, he has to show that the lack of library access "actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Here, Hall had access to the law library for over six months, during which he could have timely filed his habeas petition before the limitations period expired. Given that Hall has not explained why he was prevented from timely filing his petition before the pandemic, he has not alleged circumstances that entitle him to tolling. *See United States v. Barnes*, No. 18-154, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (finding that defendant had not diligently pursued his claims because "COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020").

---

[20] R. Doc. 342.

[21] Pollock facilities adopted "modified operations" on March 13, 2020 to comply with BOP guidance about social distancing. Dep't of Just., *Remote Inspection of Federal Correctional Complexes Oakdale and Pollock* (Nov. 2020), https://oig.justice.gov/sites/default/files/reports/21-003.pdf.

## B. Merits

Even if Hall's petition were timely, his claims do not raise a constitutional issue under 28 U.S.C. § 2255. Hall asserts that his attorney provided ineffective assistance by: (1) failing to challenge the credibility of the government's investigation; (2) neglecting to ensure his case was heard by a grand jury; (3) failing to object to his alleged increase in sentence for an overdose death; and (4) failing to object to his section 924(c) discharge conviction.[22]

To establish a claim of constitutionally ineffective assistance of counsel, a litigant must show both: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). If either of the two prongs are not satisfied, the Court may dispose of the claim without addressing the other prong. *Id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely

---

[22]  R. Doc. 441-1 at 16-18.

10

because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

As to the second *Strickland* prong, the Court looks to any prejudice suffered as a result of counsel's deficient performance. This prong requires a petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 446 U.S. at 694.

  1.  *Credibility of the Investigation*

First, Hall contends that he was denied effective counsel because his attorney failed to challenge the credibility of the government's investigation that resulted in his conviction. Specifically, Hall represents that, because the government had a wiretap on defendant and his co-conspirators, law enforcement should have intervened to stop the drive-by shooting, and that their failure to do so "shows how far the government will go to obtain a conviction."[23] He further argues that "any competent attorney would

---

23    *Id.*

11

have . . . challenged . . . the legitimacy of the said investigation all together [sic]."[24] Aside from Hall's conclusory statement that any competent attorney would have challenged the investigation, he fails "to make any specific demonstration of prejudice as a result of counsel's deficient performance." *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *see also Barnard v. Colins*, 958 F.2d 634, 642 (5th Cir. 1992) (stating that a defendant cannot make out a claim of ineffective assistance of counsel when the defendant "fails to provide factual support for the allegations . . . that he urges would have come to light had counsel conducted a more thorough investigation"). Hall's petition does not specify how he was prejudiced, or how the government's alleged failure to intervene somehow provides a defense to Hall's conviction. Accordingly, the Court finds that the alleged failure of Hall's counsel to challenge the investigation was not unreasonable and does not satisfy the first prong of the *Strickland* test.

    2.    *Presentation to a Grand Jury*

Hall's assertion that his attorney failed to present his case to a grand jury[25] is not supported by the record. The record reflects that the government twice presented the charges against Hall to a federal grand

---

24    R. Doc. 441-1 at 6.
25    R. Doc. 441-1 at 4 ("Counsel was constitutionally ineffective for failing to challenge . . . that the case never went before a grand jury.").

jury.[26] But Hall signed a waiver of indictment,[27] and entered a plea of guilty to a superseding bill of information.[28] But the superseding bill of information included all of the same charges[29] that the grand jury had already indicted Hall with in the superseding indictment. The only substantive difference between the charges included in the superseding indictment[30] and the superseding bill of information[31] is that the latter charged Hall with conspiring to distribute a reduced weight of heroin.[32] Given that the grand jury had already found probable cause for a more serious charge than what was included in the bill of information, Hall's claim

---

[26] The April 21, 2016, grand jury indictment included two counts against Hall. *See* R. Doc. 1. And defendant was again charged by a grand jury in a December 2, 2016 superseding indictment. *See* R. Doc. 62.
[27] R. Doc. 215.
[28] R. Doc. 217-1.
[29] *See* R. Docs. 62 & 203.
[30] R. Doc. 62.
[31] R. Doc. 203.
[32] *Compare* R. Doc. 62 (Count 1 charged Hall with conspiring to distribute heroin and fentanyl, stating that "the narcotics conspiracy charged in Count 1 that was reasonably foreseeable to them, involved *1 kilogram or more* of a mixture or substance containing a detectable amount of heroin . . . and a quantity of a mixture or substance containing . . . fentanyl") (emphasis added), *with* R. Doc. 203 (Count 1 charged Hall with conspiring "to distribute and to possess with the intent to distribute *100 grams or more* of a mixture or substance containing a detectable amount of heroin . . . and a quantity of a mixture or substance containing a detectable amount of . . . fentanyl") (emphasis added).

that his case "never went before a grand jury"[33] is contradicted by the record. And even if his case had never been presented to a grand jury, that is not a basis for an ineffective assistance of counsel claim, given that Hall signed a written waiver of indictment after the Court advised him during his rearraignment hearing of his right to prosecution by indictment.[34] *See United States v. Joseph*, No. 16-91, 2019 WL 2469679, at *3 (E.D. La. June 13, 2019) ("Documents signed by the defendant at the time of the guilty plea are entitled to 'great evidentiary weight.'" (quoting *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994))).

Moreover, Hall has not demonstrated that his waiver of indictment resulted in any prejudice. He does not show that, but for a grand jury indictment, he would have raised a specific objection that would have ultimately affected his sentence. Rather than prejudicing Hall, his guilty plea to the superseding bill of information was in Hall's interest. The superseding bill of information dropped several charges contained in the superseding indictment,[35] and reduced the charged quantity of heroin from 1 kilogram[36]

---

[33]  R. Doc. 441-1 at 4.
[34]  R. Doc. 215 (waiver); R. Doc. 211 (rearraignment minute entry).
[35]  *Compare* R. Doc. 62, *with* R. Doc. 203; *see also* R. Doc. 217 at 2 ("[T]he Government has agreed to request at the time of sentencing that the Court dismiss the Superseding Indictment against the defendant.").
[36]  R. Doc. 62 at 1.

to 100 grams.[37] This reduction in weight significantly lowered Hall's exposure at sentencing. If Hall had been charged with 1 kilogram of heroin, his sentence would have included "a term of imprisonment which may not be less than 10 years or more than life." 18 U.S.C. § 841(b)(1)(A). Because he was charged with only 100 grams of heroin, his statutory range for his term of imprisonment was 5 to 40 years, § 841(b)(1)(B). Accordingly, Hall's claim of ineffective assistance is both unsupported by the record, and fails the second *Strickland* prong.

### 3. *The Overdose*

Next, petitioner's claim that his attorney failed to object to the increase in his sentence for an alleged overdose death[38] has no merit. It is true that Hall's attorney did not object to the Presentence Investigation Report's ("PSR") discussion of Hall's previous heroin distribution to a customer who later died of a heroin overdose.[39] But Hall is mistaken that his sentence was increased as a result of the overdose death. In fact, the PSR specifically states that Hall's "advisory guideline range, as currently calculated, does not account for Bolner's death in any way."[40] And the sentence this Court

---

37   R. Doc. 203 at 1-2.
38   R. Doc. 441-1 at 4-5.
39   R. Doc. 329 at 17, 34.
40   R. Doc. 329 at 31.

imposed was a downward departure from the advisory guideline range, which already did not factor in the overdose.[41] The Court thus finds that Hall cannot meet his burden under *Strickland*'s second prong because the overdose death did not negatively impact his sentence.

  4.  *The Section 924(c) Charge*

Finally, Hall alleges that his counsel was ineffective for not challenging the constitutionality of his 18 U.S.C. § 924(c) conviction in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2323-24 (2019).[42] Section 924(c) provides for an enhanced punishment for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." In *Davis*, the Supreme Court held that the definition of "crime of violence" in section 924(c)(3)(B)'s residual clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2325-36. But Hall's conviction was not under the "crime of violence" clause; and instead he pleaded guilty under 18 U.S.C. § 924(c)(1)(A)(iii), to possessing a firearm in furtherance of a drug trafficking crime.[43] Therefore, the *Davis* decision has no impact on Hall's case. *See United States v. Chapman*, 851 F.3d 363, 375 (5th Cir. 2017)

---

41  R. Doc. 350.
42  R. Doc. 441-1 at 18.
43  R. Doc. 350 at 2.

16

(holding that defendant's section 924(c) convictions "are not affected by any alleged infirmity in the risk of force definition of [a] crime of violence because the convictions' predicate offenses are not based on his having committed a crime of violence" and instead "are based on his having committed drug trafficking crimes").

Hall's attorney's failure to raise an argument based on *Davis* was not objectively unreasonable under *Strickland*. Any objection raised on the basis of *Davis* would have been futile, given the inapplicability of the case to Hall's section 924(c) conviction of discharging a firearm in furtherance of a drug trafficking crime. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . ."). Accordingly, the Court finds that petitioner has failed to show that his counsel rendered objectively unreasonable performance under the first prong of the *Strickland* test.

### C. Certificate of Appealability

When a district court enters a final order adverse to a petition under 25 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a

certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Hall's motion does not satisfy these standards.  For the reasons stated in this order, the Court finds that Hall's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender debate among reasonable jurists or deserve encouragement to proceed further.  Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Hall's motion to vacate his sentence under 28 U.S.C. § 2255.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __27th__ day of October, 2021.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE